**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 07-00942 SJO <br> CR 06-00066 SJO | **DATE:** June 6, 2008 |
| **TITLE:** United States of America v. Petros Mantizian | |

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz <br> Courtroom Clerk | Not Present <br> Court Reporter |
| **COUNSEL PRESENT FOR PETITIONER:** | **COUNSEL PRESENT FOR RESPONDENT:** |
| Not Present | Not Present |

========================================================================
**PROCEEDINGS (in chambers):**
ORDER DENYING PETITIONER'S HABEAS MOTION
[Docket No. 1]

      This matter is before the Court on Petitioner Petros Mantizian's Motion to Vacate, Set Aside, or Correct Sentence. Respondent United States of America (the "Government") filed an Opposition, to which Mantizian replied. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). Because Mantizian fails to demonstrate prejudice, Mantizian's Motion is DENIED.

I.    BACKGROUND

      A grand jury indicted Mantizian on five counts related to fraud. The Government negotiated a plea through Mantizian's counsel, Donald Wager. Each time the Government proposed a new plea agreement, Wager reviewed the agreement with Mantizian, including the provision requiring an appellate waiver, which remained unchanged throughout the negotiations. During these reviews, Wager explained to Mantizian that Mantizian could still challenge the Court's criminal history determination on appeal. Mantizian told Wager that he understood the plea agreement.

      On April 28, 2006, the Government and Mantizian entered into the plea agreement. On August 14, 2006, this Court found that Mantizian fell within Criminal History Category 4 and sentenced Mantizian to 57 months incarceration and 36 months supervised release. During the sentencing, the Court advised Mantizian of his right to appeal and the following dialogue took place with the Assistant United States Attorney ("AUSA"):

The Court:    The Court must advise you of your right to appeal. You have a right to appeal your sentence if you believe your sentence is contrary to law, unconstitutional, or inconsistent with the plea agreement. With few exceptions, any notice of appeal must be filed within ten days from today's date. If you so request, the [Court clerk] will prepare and file [a] notice of appeal on your behalf.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.: CV 07-00942 SJO<br>CR 06-00066 SJO | DATE: June 6, 2008 |

> . . .
> AUSA: Your Honor, briefly I just want to clarify the defendant's right to appeal. In this case the defendant has given up any right to appeal a sentence so long as the sentence is within the statutory maximum specified . . . .
> The Court: Yes. . . . On page ten of the agreement, the defendant waived certain rights of appeal . . . .

(Sentencing Tr. 29.)

Later, while explaining that Mantizian had not stipulated to a 50-year sentence, the Assistant United States Attorney stated: "And since 57 months is within the 50-year maximum imprisonment that he was potentially liable for, his appellate waiver kicks in, and he has no rights to appeal so long as the sentence and the manner in which it was taken is constitutional." (Sentencing Tr. 31.) The Court replied: "Yes, and I understand that . . . ." (Sentencing Tr. 31.)

Mantizian did not express confusion regarding his right to appeal his criminal history determination, nor did he ask Wager to file a notice of appeal on his behalf.

Now, Mantizian moves for resentencing so that he may file an appeal, claiming ineffective assistance of counsel.

II. DISCUSSION

Mantizian, through new counsel, argues that Wager provided ineffective assistance at sentencing by failing to clarify on the record that Mantizian retained the right to appeal the Court's criminal history determination.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions: (1) were deficient; and (2) resulted in subsequent prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A. <u>Wager's Performance Was Not Deficient</u>.

An attorney's performance is deficient if, "considering all the circumstances, it falls below an objective standard of reasonableness measured under prevailing professional norms." *Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997). In reviewing the claim of ineffective assistance, this Court must "strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).

Here, Mantizian complains of relatively innocuous conduct, arguing that Wager should have clarified Mantizian's right to appeal during the sentencing colloquy. Yet, Wager had previously

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.:   CV 07-00942 SJO<br>                    CR 06-00066 SJO | DATE:   June 6, 2008 |

reviewed the consequences of Mantizian's plea agreement on his right to appeal on multiple occasions. Further, there is no evidence that Wager felt the sentencing colloquy was confusing or misleading. Indeed, this Court identified that Mantizian had waived only "certain rights of appeal."

Accordingly, Wager's performance was not deficient.

    B.    <u>Mantizian Was Not Prejudiced</u>.

An attorney's performance results in prejudice if, "but for [the] attorney's deficient performance, the result would have been different." *United States v. Blaylock*, 20 F.3d 1458, 1466 (9th Cir. 1994). Here, Mantizian fails to demonstrate prejudice. Wager reviewed the plea agreement with Mantizian numerous times during plea negotiations with the Government. At least twice, Wager reviewed the appellate waiver in detail with Mantizian. Wager explained that Mantizian's appeal would be limited to the Court's criminal history determination. Although Mantizian and Wager urged the Court to ignore some of Mantizian's past criminal violations, Wager notified Mantizian that the Court was unlikely to do so. Wager further advised Mantizian that the law permitted the Court to use these criminal violations in determining Mantizian's Criminal History Category.

The evidence demonstrates that Mantizian understood his right to appeal the Court's criminal history determination prior to sentencing. At sentencing, the Court affirmed that Mantizian had waived "certain rights of appeal," indicating that Mantizian had retained some of those rights. Mantizian did not express confusion regarding his appellate rights either to his counsel or the Court, even though the Court conversed directly with Mantizian after the allegedly confusing dialogue with the AUSA. (Sentencing Tr. 32.)[1] Similarly, Wager's declaration does not indicate that Wager now feels that the Court's notice of appeal required clarification. (*See* Wager Decl.)

Mantizian's briefing illustrates the flaw in his claim. He argues that he need not demonstrate prejudice because he was misled into believing that he had no right to appeal his criminal history determination. (Reply 6.) Yet, there is no actual evidence that Mantizian was unaware of – or confused about – his limited right to appeal. Rather, the available evidence – Wager's review of the plea agreement, Mantizian's acknowledgment of understanding, the absence of any expression of confusion contemporaneous with sentencing, and Wager's legal advice that the

---

[1] Mantizian falsely claims that he had no opportunity to request that the clerk file a notice of appeal because the AUSA interjected to "clarify" Mantizian's right to appeal. The transcript clearly shows that the Court notified Mantizian of his right to appeal and moved on to discuss a surrender date with Wager before any discussion regarding the limitations on Mantizian's appellate rights. (Sentencing Tr. 29-30.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.: CV 07-00942 SJO | DATE: June 6, 2008 |
| CR 06-00066 SJO | |

Court could use all of Mantizian's criminal violations under the law – demonstrates that Mantizian understood his limited appellate rights, but chose not to appeal for some other reason, such as futility.

Accordingly, Mantizian was not prejudiced.[2]

C.   Mantizian Is Not Entitled to an Evidentiary Hearing.

"[A] federal court must consider whether [an evidentiary hearing] could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007). Because Mantizian does not present a colorable ineffective assistance claim, he is not entitled to an evidentiary hearing. *See Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).

III.   RULING

Because Mantizian has not demonstrated that Wager's failure to clarify Mantizian's limited right to appeal was deficient or resulted in prejudice, Mantizian's Motion is DENIED.

IT IS SO ORDERED.

---

[2] Mantizian also argues that he need not demonstrate prejudice under *Biro v. United States*, 24 F.3d 1140 (9th Cir. 1994). However, *Biro* only stands for the proposition that the district court must inform the defendant of his right to appeal. 24 F.3d at 1142. Because this Court informed Mantizian of his right to appeal, *Biro* is inapposite.